801 P.2d 1295

STATE of Idaho, Plaintiff–Respondent,

v.

Gerald D. BOAG, Defendant–Appellant.

No. 17659.

Court of Appeals of Idaho.

Nov. 29, 1990.

Joan M. Fisher, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

A jury found Gerald Boag guilty of grand theft, I.C. §§ 18–2403, –2407. Boag appeals, arguing that the district court erred by refusing to grant his motion for acquittal due to insufficient evidence on the record to sustain the verdict. Boag also contends the trial court erred in failing to correctly instruct the jury as to Boag's defense to the charge. We conclude that the court did not err in its instructions to

the jury. We also find there was sufficient evidence to sustain the guilty verdict; consequently, the trial court did not err in denying Boag's motion for acquittal. Accordingly, we affirm the judgment of conviction.

We begin by setting forth the pertinent facts. Gerald Boag's sister, Beverly, had died in December, 1985, leaving Gerald as the sole surviving child of their parents, Alfred and Violet Boag. By June of 1986, Gerald and his wife, Sandra, were living in a trailer house on Alfred and Violet's farm in Deary, Idaho. Violet Boag, a woman in her late seventies, suffered from alzheimer's disease and required supervision and care which Gerald and Sandra helped provide. Early in June, 1986, Alfred was hospitalized after suffering a heart attack. At that time, Gerald and Sandra moved into Alfred and Violet's home. On June 6, Alfred died. As a consequence, Gerald was appointed guardian for Violet. Violet was then admitted to Latah Care Center. By the end of June, Gerald had been appointed personal representative for his father's estate and conservator for his mother's property. He retained that status in these positions until August 12, 1987.

During the time of Gerald's conservatorship, Gerald and Sandra's income was modest. They had no savings and had a checking account of approximately $1000. They owned no real property. Gerald was employed part time at a rock crushing company. In contrast, the assets of Alfred and Violet Boag were substantial. Alfred and Violet had accumulated personal property amounting to approximately $99,000. The assessed value of Alfred and Violet's real estate was approximately $94,000.

Most of Violet's cash assets existed in the form of a savings account and a certificate of deposit. Gerald used some of this money for Violet's care at the nursing home. The cost for Violet's care amounted to approximately $1800 per month plus medical expenses of $60 to $150 per month. However, Gerald used a substantial part of Violet Boag's personal assets to purchase various other items. Among the items purchased were several motor vehicles, including a logging truck, three pickups, an Oldsmobile, and an International farm truck; $1500 in insurance for the logging truck; two television satellite dishes; five horses; musical instruments; and delivery of ice cream and other foods. Some of the money also was used to pay for the personal needs of Gerald and Sandra Boag. Withdrawals from Violet's account included payment for Sandra's doctor bills, checks issued to Sandra Boag in amounts as great as $1000, checks written for personal use by Gerald Boag, and payment of a bar tab at a local tavern. These purchases resulted in a substantial depletion of Violet's personal assets. In August, 1987, by court order, the Latah County Treasurer replaced Gerald as the personal representative of Alfred Boag's estate and as guardian and conservator for Violet Boag.

On September 18, 1987, the Latah County prosecuting attorney charged Gerald Boag with grand theft of Violet Boag's personal property. Gerald pled not guilty to the charge and the cause was tried to a jury. Gerald maintained that, at the time he conducted the above transactions with Violet's money, he had the authority to do so. He took the position that all the purchases resulted in an enhanced value of Violet's estate, were accomplished with the intent of producing income for the estate, or for compensation for labor he and his family put into farm maintenance. At the end of trial, Gerald requested the judge to instruct the jury that an open and avowed appropriation of property under claim of right in good faith was a defense to the charge of grand theft. The trial court refused to so instruct the jury. The jury found Gerald Boag guilty of grand theft. He then brought this appeal, arguing there was insufficient evidence to show, beyond a reasonable doubt, that he had intended to appropriate Violet's property. Boag also argues that the court erred in failing to instruct the jury on the affirmative defense or on his theory of the case. We will address each issue in turn.

## I

■ We begin with Boag's issue of whether the trial court erred in refusing to instruct the jury regarding Boag's affirmative defense. Theft is defined in I.C. §§ 18–2403, –2407. Idaho Code § 18–2406 provides that:

> [i]n any prosecution for theft committed by trespassory taking or the offense previously known as embezzlement, it is an affirmative defense that the property was appropriated openly and avowedly, and under a claim of right made in good faith.

I.C. § 18–2406(3). At trial, Boag proposed Defendant's Requested Jury Instruction No. 5 which stated:

> It is an affirmative defense to the offense of grand theft previously known as embezzlement that the property was appropriated openly and avowedly, and under a claim [of] right made in good faith.
>
> If you have a reasonable doubt as to whether the property was appropriated openly and avowedly and under a claim of title preferred [sic] in good faith, though untenable, a verdict of not guilty should be returned.

■ In refusing to give Defendant's Requested Jury Instruction No. 5 the trial judge stated that:

> I'm refusing to give this Instruction because there's no evidence that Mr. Boag openly and avowedly, if he did appropriate the property and he hasn't admitted that, on the contrary, denies any appropriation, it—it is not open and avowed. Now, in order for an appropriation to be open and avowed it must be obvious to the true owner thereof that the property's been appropriated by the defendant.

In other words, the trial court concluded that in order for Gerald to claim the affirmative defense set forth in I.C. § 18–2406(3) he must first have admitted to an appropriation of the property. The trial court further explained at the hearing on the motion for a new trial that, in order for the defense to apply, the defendant must have a good faith claim of superior title to the property appropriated. After careful examination of the statutes, we agree. Idaho Code § 18–2402 sets forth the definitions governing the chapter containing the theft statute and its defenses. To claim the defense the defendant must "openly and avowedly appropriate" the property of another. The statute provides the following definition: "To 'appropriate' property of another to oneself ... means [t]o exercise control over it ... permanently or for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit...." I.C. § 18–2402(1)(a). There can be no question that Boag exercised control over Violet's assets. However, in this case, Boag never claimed to exercise control over those assets "permanently". Rather, Boag steadfastly maintained that his use of Violet's assets was accomplished in his capacity as conservator and that, as such, the expenditures were utilized for the benefit of Violet's estate. Consequently, Boag's theory of the case was not that he made an appropriation, as he now argues, because he never claimed ownership of the property at trial. On the contrary, Boag asserted at trial that he never sought to exercise permanent control over the property. Accordingly, the district court correctly concluded that, in order for the defense to be applicable, the defendant must have a good faith claim of superior title to the property utilized. *See State v. White*, 46 Idaho 124, 266 P. 415 (1928). Thus, we hold that the trial court did not err in refusing to instruct the jury on the affirmative defense.[1]

■ We next address Boag's assertion that the court failed to adequately instruct

---

1. As an alternative ground for rejecting Boag's requested Instruction No. 5, the trial judge explained:

> [It] would seem to me that for this defense to be available and for the jury to be instructed on it there must not only be an admitted

appropriation and confession and avoidance but also the evidence here does not show that the true owner thereof knew that the property was taken. The true owner thereof—really [the] beneficial owner is Violet Boag and she was incapacitated.

the jury on his theory of the case. At trial, Boag submitted the following jury instruction:

> You have a right to take into consideration whether or not the defendant honestly believed that he was entitled to spend and use said monies in the manner in which he did under his authority conferred upon him as personal representative, guardian and/or conservator of the estates of Alfred and Violet Boag and, if you so find, you must find the defendant not guilty.

The trial court chose not to give the instruction as worded in Boag's request. Rather, the court modified the language and submitted it as Instruction No. 15. That instruction recited:

> In determining whether or not the defendant specifically intended to fraudulently appropriate property of the Violet Boag conservatorship estate to any use or purpose not in the due and lawful execution of this trust, you may take into consideration whether or not the defendant honestly believed that he was entitled to spend and use said monies in the manner in which he did under his authority conferred upon him as personal representative of the estate of Alfred Boag and/or as conservator of the estate of Violet Boag.

Boag correctly points out that a defendant is entitled to have his theory of the case submitted to the jury upon proper instructions. *State v. Gonzales*, 92 Idaho 152, 438 P.2d 897 (1968). When examining jury instructions, they must be read in their entirety, as a whole, not in their isolated parts. *State v. Aragon*, 107 Idaho 358, 690 P.2d 293 (1984). With this in mind we note the trial court also instructed the jury that:

> If you have a reasonable doubt as to whether the defendant appropriated the funds within the scope of his authority as personal representative of the estate of Alfred Boag or as guardian and conservator for the person and property of

In light of our holding above, we express no

Violet Boag, a verdict of not guilty should be returned.

In light of the instructions given at trial and upon our examination of the record, we conclude that the jury received adequate instruction on Boag's theory of the case.

## II

■ Finally, we examine whether the trial court erred in failing to grant Boag's motion for acquittal. Specifically, Boag argues the state produced insufficient evidence on the element of fraudulent intent necessary to prove the crime of grand theft, formerly known as embezzlement. An appellate court will not set aside a judgment of conviction entered upon a jury verdict if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On appeal, where a defendant stands convicted, the evidence will be viewed most favorably to the prosecution. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). The same standards apply when we review the district court's decision to grant or deny the defendant's motion for judgment of acquittal. *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979); *State v. Elisondo*, 103 Idaho 69, 644 P.2d 992 (Ct.App.1982); *State v. O'Campo*, 103 Idaho 62, 644 P.2d 985 (Ct.App.1982); *State v. Mata*, 107 Idaho 863, 693 P.2d 1065 (Ct.App.1984). Moreover, when we review the record to determine whether substantial evidence exists we are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). The mere possibility of innocence will not invalidate a guilty verdict on appeal. *State v. Fenley, supra.*

At trial, Boag maintained that when he made the purchases with Violet's money,

opinion on the judge's alternative reasoning.

948

he believed he was legitimately exercising the authority conferred upon him in his status as conservator of Violet's estate. Accordingly, he argues that he lacked the requisite intent to commit theft. Boag relied on the testimony of the attorney who represented him during the time of the conservatorship. That attorney testified Boag was told to use the money in any way his mother would use it. While this alone would lend limited credence to Boag's theory of the case, the attorney also testified that Boag was further told not to deplete the assets of Violet's estate. Even if the jury chose to believe the testimony of the attorney, they could decide that Boag elected to disregard the attorney's advice and used the money as his own. Moreover, the jury could infer from the enormity and nature of Boag's expenditures that he intended to appropriate to himself the items purchased. It was also shown at trial that Violet Boag received an income through social security and other retirement benefits which covered a substantial portion of her care. Finally, we note that very few of Boag's purchases actually produced income. Crops were never planted on the farm nor were any livestock grazed thereon. Based on our examination of the record, we conclude there was substantial evidence on the issue of fraudulent intent to support the jury's guilty verdict.

In sum, we conclude the trial court did not err in refusing to instruct the jury on the affirmative defense contained in I.C. § 18–2406(3). We further hold that the trial court adequately instructed the jury on Boag's theory of the case. Finally, because there was sufficient evidence to support the jury's verdict, we uphold the trial court's order denying Boag's motion for acquittal. The judgment of conviction is affirmed.

SWANSTROM, J., and WINMILL, J., pro tem., concur.