806 P.2d 959

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James HICKMAN, Defendant–Appellant.**

**No. 18152.**

Court of Appeals of Idaho.

Feb. 28, 1991.

James L. Schoenhut, Cascade, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent. Jack B. Haycock argued.

WALTERS, Chief Judge.

This is an appeal by James Hickman from his convictions on one count of aiding and abetting the delivery of a controlled substance and on two counts of possession of a controlled substance with intent to

deliver. Hickman argues on appeal that there was insufficient evidence to support the verdicts on two of the charges. Hickman also asserts that he received ineffective assistance of counsel because his attorney, who represented a co-defendant in the proceedings, had a conflict of interest in the dual representation. Finally, he contends that his attorney could have developed "stronger grounds" for the defense of entrapment asserted by the defendants in this case. We find that there was sufficient evidence to support the verdicts and that the assistance rendered by Hickman's counsel was not ineffective.

### Facts

Hickman and his co-defendant, Cheryl Hickman (nee Kopp), were arrested and charged on three counts. The first was aiding and abetting the delivery of a controlled substance, marijuana. The second and third were for possession of controlled substances with intent to deliver, one count for marijuana and one count for cocaine. See I.C. § 37–2732(a)(1)(A), (a)(1)(B). Both defendants pled not guilty to all three counts and waived their rights to a jury trial. At trial before the court, both defendants were represented by the same attorney.[1] The defendants were found guilty on all three charges. At trial, Hickman denied any involvement in the marijuana transactions and testified that Kopp played no role in the cocaine transaction. Kopp, on the other hand, denied any involvement in the cocaine transaction and said that Hickman played no role in the marijuana deals. Hickman appeals his convictions on the charges involving marijuana.

### Standard of Review

"In cases in which a jury has been waived, the trial judge must weigh the evidence, determine the credibility of the witnesses, and find the facts.... On the ultimate finding of guilt, the usual rule is that it must stand if it is supported by substantial evidence." 2 WRIGHT, *Federal Practice and Procedure: Criminal 2d* § 374, p. 315–316 (1982); *see also State v.*

*Sujohn,* 5 Hawaii App. 459, 697 P.2d 1143 (1985); *State v. Duncan,* 181 Mont. 382, 593 P.2d 1026 (1979); *State v. Tanner,* 675 P.2d 539 (Utah 1983). Although Idaho courts have only set out the standard of review for cases tried by jury, the "substantial evidence" standard clearly applies in cases where the jury has been waived. We recite the appropriate standard for jury trials below, and hold that the same standard applies in the instant bench trial.

An appellate court will not set aside a judgment of conviction entered upon a verdict if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Boag,* 118 Idaho 944, 947, 801 P.2d 1295, 1298 (Ct.App.1990). On appeal after conviction, the evidence will be viewed most favorably to the prosecution. *Id.* When we review the record to determine if substantial evidence exists we are precluded from substituting our judgment for that of the fact finder as to the credibility of the witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *Id.* The mere possibility of innocence will not invalidate a guilty verdict on appeal. *Id.*

### Aiding and Abetting the Delivery of Marijuana

■ Idaho courts have defined "aiding and abetting" as participation in or assisting, encouraging, soliciting, or counseling a crime. *State v. Randles,* 117 Idaho 344, 347, 787 P.2d 1152, 1155 (1990). Our Supreme Court has also stated that aiding and abetting "contemplates a sharing by the aider and abettor of the criminal intent of the perpetrator." *Howard v. Felton,* 85 Idaho 286, 297, 379 P.2d 414, 425 (1963). Idaho Code § 18–204 states that "[a]ll persons concerned in the commission of a crime ... whether they directly commit the act constituting the offense or aid or abet in its commission ... are principals in any crime so committed."

---

**1.** Hickman's counsel on this appeal was not his    attorney during the trial proceedings.

Hickman's convictions arise from purchases of marijuana made by an undercover investigator and a police informant from Hickman and Kopp in their apartment on two separate occasions. In the first transaction, on August 17, 1988, for which Hickman was convicted of aiding and abetting the delivery of marijuana, the investigator and the informant, a friend of Kopp's, arrived at the apartment and asked to buy some marijuana. Both Hickman and Kopp were sitting in the living room at the time. Kopp reached into a backpack that was sitting on the floor between her and Hickman and pulled out four baggies of marijuana. The purchasers were told that the price was $140.00. The money was placed on a table and Kopp handed the investigator the marijuana.

Apparently, Hickman did not touch the marijuana, and his involvement in the sale is a combination of his presence at the scene and comments he made during the transaction. During the purchase, Hickman responded to an inquiry from the investigator concerning who should receive the money. Hickman said that the money should be given to Kopp. The investigator thanked them for the sale and the price break he received. Hickman replied, "Hey, no problem." As the purchasers were leaving, Hickman commented on the marijuana, saying that it contained some seeds and stems, but that it was still good quality.

Hickman stated that his comments about the marijuana were made because he is a "talkative guy" and was trying to get beyond any stereotype the investigator and the informant may have had about Hickman's race. However, in making his comments Hickman essentially said "our marijuana is good, you should like our product." It is difficult to consider his statements as anything other than counseling the sale and an expression of his intent to see the delivery completed. Thus, in this transaction, we find that there was substantial evidence to establish beyond a reasonable doubt that Hickman aided and abetted the delivery of the marijuana.

## Possession of Marijuana with Intent to Deliver

■ For the second transaction, the investigator and the informant returned to Hickman's and Kopp's apartment on October 19, 1988. After being invited in, they asked Hickman and Kopp if they had any marijuana. Kopp replied that she had a little left. Hickman and Kopp then mentioned generally that they guaranteed the weight of their marijuana, that their packages appeared larger than usual, and that their customers were very satisfied with the marijuana that they sold. The investigator testified that both Hickman and Kopp said that they had previously sold marijuana and that both of them had been engaged in the process of weighing the marijuana as they prepared it for sale.

The investigator asked if he could buy some marijuana. Kopp told Hickman to retrieve the drug from underneath the chair he was sitting in. Hickman reached under his chair and pulled out a plate containing marijuana. Kopp said this was for their personal use and was not for sale. Kopp then pulled a baggie of marijuana from her purse and sold it to the investigator for $35.00.

■ In this transaction, as before, Hickman appeared not to have actually handled the marijuana that was sold to the investigator. However, although Hickman did not have actual possession of the drug in either transaction, he did have constructive possession. Constructive possession may be established by evidence that the defendant knew of the drugs, and had control over the premises in which they were found. *Randles*, 117 Idaho at 347, 787 P.2d at 1155. Here, Hickman had equal control over the apartment with Kopp. The record is clear regarding the fact that he knew of the marijuana.

The trial court found that "both defendants were so tied in ... these transactions, that they were so intertwined that it makes no difference as to who actually made the delivery, because both were acting as principals under Idaho law." We agree. Although Hickman may have played a relatively minor role in the mari-

juana transactions, it is clear that he participated in the deliveries and intended, along with Kopp, to see them completed. Hickman's comments about being a "talkative guy" and that he was just trying to be friendly to the informant because the informant was a friend of Kopp's, even though Hickman did not like him, do not disprove his participation in the crimes. In both transactions he encouraged the crime and was sufficiently involved to warrant his conviction as a principal.

### Ineffective Assistance of Counsel

■ Hickman asserts that he received ineffective assistance of counsel because his attorney also represented Kopp, and to prove one defendant innocent the attorney had to imply the guilt of the other. Thus, Hickman claims, there was a conflict of interest when counsel represented both defendants. He further argues that the attorney could have developed "stronger grounds" for Hickman's defense theory of entrapment.

Hickman has raised his claim of ineffective assistance of counsel on direct appeal instead of through a motion for post-conviction relief. This Court recently addressed an identical procedural situation in another case in which one attorney represented multiple defendants. We noted:

> A claim of ineffective assistance is difficult to evaluate on direct appeal if the adequacy of counsel has not been placed directly at issue below. Accordingly, our Supreme Court has suggested that a petition for post-conviction relief is the better method of presenting such a claim. See *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). We have expressed a similar view. See, e.g., *State v. Scroggie*, 110 Idaho 103, 107, 714 P.2d 72, 76 (Ct.App. 1986) (review denied); *State v. Rendon*, 107 Idaho 425, 426, 690 P.2d 360, 361 (Ct.App.1984).

*State v. Koch,* 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App.1989). Nonetheless, we undertook appellate review of the contention by Koch that he had been deprived of adequate representation by counsel. Likewise, in the instant case, the trial court was not asked to reach any conclusion with regard to the adequacy of Hickman's counsel. Consequently, we are without the benefit of the trial court's first-hand impressions on the question. However, as we did in *Koch*, we will review the issue on the limited record before us.

■ Under the Sixth Amendment to the U.S. Constitution, an accused has the right to representation free from conflicts of interest. *Koch* at 574, 777 P.2d at 1247. Joint representation is not a *per se* violation of this right. *Id.* However, a possible conflict of interest exists in almost every case of multiple representation. *Id.* In such a case, prejudice will be presumed when defense counsel has an actual conflict of interest. *Id.* Further, the conflict must adversely affect counsel's performance. *Id.* When neither the defendant nor his counsel object to concurrent representation of a co-defendant, the trial court may generally assume that there is no conflict or that the defendant has knowingly accepted the risk that one may exist. *Id. See also, Roles v. State,* 100 Idaho 717, 604 P.2d 731 (1979).

In the case at hand, neither Hickman nor his counsel objected to dual representation of the two defendants. In fact, Hickman's counsel requested that Hickman's case be consolidated with Kopp's. The record reveals no apparent conflict in the representation of both defendants. Also, Hickman has failed to show any actual conflict. From the information presented to us, it appears that counsel maintained Hickman's innocence regarding the marijuana transactions throughout trial and into the sentencing phase of the proceedings. The record fails to indicate any instance where Hickman's defense was jeopardized or that his innocence was impugned by his counsel's simultaneous representation of Kopp. We will not presume a conflict in this case and we will not presume prejudice where no conflict has been shown.

■ With regard to counsel's alleged failure to more fully develop an entrapment defense, we are not persuaded that counsel's efforts were deficient. The defense of entrapment was presented at the

**370**

trial. The court found that entrapment was not established as a matter of law from the facts so presented. At the conclusion of the trial, the court held:

Second, I'm going to find there's no entrapment as a matter of law. I cannot believe that these agents did induce the defendants to deliver these controlled substances. I find the State merely furnished the defendants the opportunity to commit these three crimes, which, as I understand it, is the test in this particular case.

Hickman has not shown what additional evidence was available that was not presented by his counsel on this defense. We therefore hold that counsel's assistance in this regard was not deficient.

### Conclusion

There was substantial evidence to support Hickman's convictions. Also, Hickman has failed to show any conflict of interest regarding his attorney's dual representation of Hickman and Kopp. He has also failed to show that his attorney's presentation of the entrapment defense was inadequate. Absent such a showing, we will not presume that Hickman was prejudiced in his defense. Thus, we conclude that Hickman did not receive ineffective assistance of counsel.

Accordingly, the judgments of conviction are affirmed.

SWANSTROM and SILAK, JJ., concur.