856 P.2d 104

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sue A. BRONNENBERG, Defendant–Appellant.**

**No. 19769.**

Court of Appeals of Idaho.

July 8, 1993.

Bruce H. Greene, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

WALTERS, Chief Judge.

Sue A. Bronnenberg was found guilty by a jury of the misdemeanor offense of driving under the influence of alcohol. On appeal, she contends that the magistrate erroneously denied her motions for judgment of acquittal. She also argues that the magistrate erred in failing to instruct the jury concerning uncontradicted testimo-

ny. For the reasons stated below, we affirm.

Bronnenberg was stopped by a police officer at 11:30 in the evening for speeding. As the officer questioned her, he detected an odor of alcohol and asked Bronnenberg if she had been drinking. She answered that she had, and the officer asked her to submit to field sobriety tests. Based upon his observations of her performance, the officer arrested Bronnenberg for driving while under the influence. Bronnenberg refused to submit to a request by the officer for a breath-alcohol test and no other chemical analysis of her alcohol content was performed.

Bronnenberg was formally charged with misdemeanor driving while under the influence of alcohol, I.C. § 18–8004. She pled not guilty and was tried before a jury. The state called the arresting officer as its only witness. He testified that Bronnenberg was speeding, that she admitted to drinking, and that she agreed to perform a series of standard field-sobriety tests: reciting the alphabet, balancing on one foot, and walking heel-to-toe. The officer explained to the jury that the purpose for administering these tests is to observe the driver's motor skills, to determine whether the driver is able to follow instructions, to test the driver's memory, and to determine whether the driver can coordinate his or her mental and physical skills. He reported that Bronnenberg was unable to complete the alphabet, although she had indicated to him that she knew it. He said he then demonstrated the one-foot balancing test and asked Bronnenberg if she had any problems with her ankles, feet or legs that would prevent her from performing it. Bronnenberg reported none. She began the test by lifting only her heel, and the officer had her start over. The second time, Bronnenberg lost her balance and took hold of the officer's shoulder to regain it. The officer had her try again. By the count of twenty Bronnenberg had completely lost her balance, fell to her right and had to take several steps to regain her balance. The officer testified that he finally asked Bronnenberg to walk heel-to-toe for nine steps, counting out loud, and then turn and walk back for seven steps.

He demonstrated the test to Bronnenberg and asked her to start. The officer testified that Bronnenberg failed to walk heel-to-toe, and took small steps instead. After stopping and turning around, she could not remember how many steps to take back. The officer concluded by telling the jury that based upon these observations he decided to arrest Bronnenberg for driving under the influence.

When the state rested Bronnenberg moved for a judgment of acquittal on the ground that the state had failed to prove its case against her. The magistrate denied the motion. Bronnenberg then took the witness stand in her own defense. She testified that on the night in question, she had been in a bar where she spent over five hours drinking four beers. She said she did not know whether she was speeding on the way home because the lights in her dashboard were out. She also provided explanations for her deficient performance of the sobriety tests—she was scared, tongue-tied, and suffered from previous injuries to her knees and ankles. She also stated that although she had consumed alcohol on the night in question, it had not affected her ability to drive.

At the close of all the evidence Bronnenberg renewed her motion for a judgment of acquittal, which the court again denied. Bronnenberg then requested that the jury be instructed concerning uncontradicted testimony. Specifically, Bronnenberg requested that the jury be advised that it "must accept as true the positive, uncontradicted testimony of a credible witness unless the same is inherently improbable or rendered so by facts and circumstances disclosed at the trial." The magistrate refused to give the instruction. After its deliberations, the jury returned a verdict finding Bronnenberg guilty of driving under the influence. Bronnenberg appealed to the district court, which affirmed the conviction.

On further appeal to this Court, Bronnenberg raises two issues. First, she contends that the magistrate erroneously denied her motions for judgment of acquittal. She also assigns error to the magistrate's

refusal to instruct the jury that it must accept uncontradicted testimony as true. We address these issues in turn.

■■■ Preliminarily, we note our standards for review. When reviewing an appellate decision of the district court which has reviewed a magistrate's decision, we examine the record of the magistrate independent of, but with due regard for, the district court's decision. Based upon our review of the magistrate's findings and conclusions, we will either affirm or reverse the district court's appellate decision. *See In re Matter of McNeely,* 119 Idaho 182, 804 P.2d 911 (Ct.App.1990). The standards for reviewing the trial court's denial of a motion for judgment of acquittal are the same as those applied in reviewing the sufficiency of the evidence to support a verdict of guilty. *State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979); *State v. Boag,* 118 Idaho 944, 801 P.2d 1295 (Ct. App.1990). Evidence is sufficient to support a verdict where there is substantial, even if conflicting, evidence from which a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Boag,* 118 Idaho at 974, 801 P.2d at 1298. In deciding whether there was substantial evidence, we view the evidence most favorably to the prosecution. *Id.*

Bronnenberg asserts that the state failed to present sufficient evidence to establish that she had been under the influence of alcohol—an essential element of the offense charged. She argues that the fact that she had been speeding is not directly attributable to her consumption of alcohol, and that although the officer told the jury how she had fared during the field-sobriety tests, he never expressly attributed her performance to alcohol consumption. She further maintains that her explanations of her poor performance on the sobriety tests, and her own affirmative statement that her alcohol consumption had *not* affected her ability to drive, constituted uncontradicted testimony which the jury was required to accept as true. Accordingly, she argues, the evidence was insufficient to sustain a conviction and the magistrate erred in de-

nying her motion to acquit. We are not persuaded.

■■■ Idaho Code § 18–8004(1)(a) provides that "[I]t is unlawful for any person who is under the influence of alcohol ... to drive...." "Driving under the influence" may be proved by direct and circumstantial evidence. *State v. Andrus,* 118 Idaho 711, 800 P.2d 107 (Ct.App.1990); *State v. Tate,* 122 Idaho 366, 834 P.2d 883 (Ct.App.1992). It is not necessary for the state to prove that the driver could not drive safely or prudently, but only that her "ability to drive was impaired by the influence of alcohol." *Andrus,* 118 Idaho at 715, 800 P.2d at 111. The impairment must be of a physical or mental function that relates to one's ability to drive. *Id.; see also State v. Warner,* 97 Idaho 204, 541 P.2d 977 (1975). Thus, where as here, the .10% per se rule is inapplicable because no chemical testing has been performed, "driving under the influence" must be established by evidence showing consumption of alcohol and some discernible impairment related to the motorist's ability to drive. *Andrus,* 118 Idaho at 717, 800 P.2d at 113 (Burnett, J., specially concurring).

■■■ In this case, the arresting officer testified that he detected the odor of alcohol when he stopped Bronnenberg. Bronnenberg in fact admitted at trial that she had consumed several drinks prior to being stopped. This evidence directly established that Bronnenberg was driving and had consumed alcohol. The officer also testified that Bronnenberg could not remember the alphabet when asked, that she either could not recall or else was unable to follow the officer's simple instructions to walk and count at the same time, and that she was unable to keep her balance. This evidence, albeit circumstantial, was sufficient to establish a discernible impairment related to Bronnenberg's ability to drive, and thus was sufficient to support a finding that Bronnenberg had been driving under the influence of alcohol. *See Tate,* 122 Idaho at 370–71, 834 P.2d at 887–88.

■■■ Bronnenberg further argues that because her testimony—that she believed she was not under the influence of alcohol

but was frightened and tongue-tied, and suffered from previous knee injuries—was never directly refuted by the state's witness, the jury was required to accept it as true. To support her position Bronnenberg cites the so-called "uncontradicted evidence rule"—a principle employed by our appellate courts in civil cases where the findings of the trial court are challenged. *See, e.g., Airstream, Inc. v. CIT Financial Serv., Inc.,* 111 Idaho 307, 723 P.2d 851 (1986); *Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 ((1979); *Olsen v. Hawkins,* 90 Idaho 28, 408 P.2d 462 (1965); *Campbell v. Campbell,* 120 Idaho 394, 816 P.2d 350 (Ct.App.1991). We need not discuss the applicability of this rule in the context of a criminal jury trial, however, because Bronnenberg's testimony clearly was not "uncontradicted." Her testimony that she was frightened and tongue-tied, and that she suffers from previously injured knees and ankles, was offered to rebut the inference that her deficient performance of the sobriety tests was due to alcohol. Her statement that she did not feel her driving was impaired by the alcohol she had consumed similarly was offered to contradict the inference, raised by the state's evidence, that she had been driving while under the influence of alcohol. In short, Bronnenberg testified to *disputed facts.* Her testimony did not constitute uncontradicted evidence, and her assertion to the contrary is without merit. We therefore conclude that there was substantial, though conflicting, evidence to support a verdict of guilty. The magistrate properly denied the motions for judgment of acquittal.

 Next, we address Bronnenberg's challenge to the magistrate's refusal to instruct the jury concerning uncontradicted testimony. A defendant's requested instruction need not be given if it is an erroneous statement of the law, it is adequately covered by other instructions, or it is not supported by the facts of the case. *State v. Eastman,* 122 Idaho 87, 831 P.2d 555 (1992). As discussed above, the testimony in this case was not uncontradicted, but was disputed by other circumstantial evidence. As such, the requested instruction, even if otherwise an accurate state-ment of law not covered by other instructions, was not warranted by the evidence. Accordingly, we hold that the magistrate correctly refused the requested instruction.

The district court's order upholding the judgment of conviction is affirmed.

SWANSTROM, J., concurs.

CAREY, Judge Pro Tem., specially concurring:

I concur with the Court's opinion. Furthermore, an "uncontradicted evidence" instruction is an inappropriate judicial comment on the state of the evidence. If there is uncontradicted evidence on a material issue, it may be covered by counsel in argument to the jury and should not be the subject of an instruction. *Compare* IDJI 131–34 and commentary (1988) *with* ICJI 304, 307, 309 and commentary (Proposed Draft 1992).