IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36687

| MIGUEL TELLEZ VASQUEZ, | ) | 2011 Unpublished Opinion No. 387 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 11, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. R. Barry Wood, District Judge.

Order of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

---

WALTERS, Judge Pro Tem

Miguel Tellez Vasquez appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

Tellez Vasquez was charged with three counts of trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4)(A), and three counts of failing to affix a tax stamp, I.C. §§ 63-4205, 63-4207, arising from three instances where a confidential informant engaged in controlled purchases of methamphetamine from a man named Alejandro Valencia Flores. On each of the three occasions, the informant testified that the informant provided money to Flores, and then a Hispanic male, whom the informant later identified as Tellez Vasquez, would arrive in either a maroon Pontiac Grand Am (registered to a Miguel Tellez) or a white Cadillac (registered to a

1

third party), take the money from Flores, and supply the methamphetamine. Flores was charged in a separate proceeding for his role in the transactions.

During Tellez Vasquez's jury trial, the district court sua sponte amended one count of trafficking in methamphetamine to delivery of methamphetamine, and the jury subsequently found Tellez Vasquez guilty on all six counts. After the trial, Tellez Vasquez retained the same attorney who was representing Flores to represent him at his sentencing hearing. He was sentenced to a unified ten-year term with five years determinate on one count of trafficking in methamphetamine, a unified fifteen-year term with ten years determinate on the delivery of methamphetamine count, a unified twenty-five-year term with twenty years determinate on the other trafficking in methamphetamine count, and a unified three-year term with one year determinate on each of the three tax stamp counts--all sentences to run concurrently. Tellez Vasquez appealed, contending that his sentences were excessive. This Court affirmed. *State v. Vasquez*, Docket No. 30949 (Ct. App. Feb. 17, 2005) (unpublished).

On March 23, 2005, Tellez Vasquez filed a timely pro se petition for post-conviction relief alleging that he had received ineffective assistance of counsel at trial and at sentencing. Subsequently, counsel was appointed to represent him. The state filed a motion for summary dismissal, contending that Tellez Vasquez did not allege facts to support his claims of ineffective assistance. Following a hearing on the motion, the district court summarily dismissed the petition on November 10, 2005. On February 24, 2006, the district court received a letter from Tellez Vasquez inquiring as to the status of his petition. The district court informed Tellez Vasquez of the dismissal, and Tellez Vasquez filed a notice of appeal which was dismissed as untimely. On December 14, 2006, Tellez Vasquez filed a pro se motion for leave to file a successive post-conviction petition. The court again appointed counsel, who filed a successive petition. The parties eventually stipulated that the district court would refile the order summarily dismissing Tellez Vasquez's original petition, thereby permitting Tellez Vasquez to pursue the appeal. The summary dismissal order was refiled on July 29, 2009, and Tellez Vasquez now appeals the summary dismissal of his original post-conviction petition.

## II.

## ANALYSIS

Tellez Vasquez contends that the district court erred in summarily dismissing four claims. Three of the claims relate to his trial counsel: that trial counsel was ineffective for failing to

compel Flores to testify at trial, for failing to cross-examine witnesses regarding the "lack of connection between Mr. Vasquez and the white Cadillac," and for failing to "examine the state's witnesses regarding the coercive method used to entrap Flores into selling methamphetamine to the informant." Tellez Vasquez also contends that the court erred in summarily dismissing his fourth claim that he received ineffective assistance of counsel at sentencing due to counsel's conflict of interest and erred in doing so sua sponte without providing Tellez Vasquez with the requisite notice.

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claim upon which the applicant bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a

3

factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

4

## A.    Failure to Call Witness

Tellez Vasquez contends that the district court erred in summarily dismissing his claim that trial counsel provided ineffective assistance by failing to compel Flores to testify at Tellez Vasquez's trial because, he contends, Flores "could have testified that Mr. Vasquez was not involved in the methamphetamine transactions."[1] He contends that he corroborated what Flores would have testified to by submitting two written statements attached to his post-conviction petition in which he describes two conversations with Flores wherein Flores "conceded his responsibility and indicated that he had been pressured into falsely pointing the blame on Mr. Vasquez." Specifically, these statements consist of two handwritten documents, one signed by Tellez Vasquez and notarized and the other unsigned. Both were written in Spanish and no interpretation is contained in the record on appeal, but Tellez Vasquez did attach a translation of the statements along with an affidavit of the translator to his reply brief to this Court.

It is well settled that appellate court review is limited to the evidence that was presented in the trial court, and an attempt to introduce new evidence on appeal by attaching documentation to an appellate brief "is improper and will be disregarded." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007). It is undisputed that the translations were not submitted below and thus, because the evidence underlying this issue is not properly before us, we will not consider it on appeal.[2]

## B.    Evidence of Cadillac

On appeal, Tellez Vasquez contends that the district court erred in summarily dismissing his claim regarding evidence of the white Cadillac. He characterizes this claim as an ineffective assistance of counsel issue--specifically that his attorney was deficient in not making the jury aware that Tellez Vasquez "alleged that he had never owned or been a passenger in a white

---

[1]     The record indicates that Flores had been subpoenaed but was not called as a witness by either the state or defense.

[2]     We note that even were we to address the merits of the issue on appeal, the statements would not have been sufficient to establish a genuine issue of material fact. Most glaringly, they are not exculpatory as to Tellez Vasquez's involvement in the transactions--while they indicate that Flores may have been pressured to speak to the police and to testify, they do not indicate that he did so untruthfully in implicating Tellez Vasquez. In addition, there is no indication that Tellez Vasquez even communicated the substance of these statements to his attorney, and thus no indication that his attorney should have called Flores as a witness based on the statements.

Cadillac," including by not "cross-examin[ing] regarding the lack of connection between Mr. Vasquez and the white Cadillac."

In his initial post-conviction petition, Tellez Vasquez stated the issue as follows:

> Informant's testimony of said white vehicle, a Caddilac [sic], does not link petitioner to [the drug] transaction[.] Petitioner has never owned, driven or been a passenger of said vehicle.

In his affidavit accompanying the petition, he further stated:

> . . . the testimony of the state's informant on the white Caddilac [sic] involved in a transaction was never diligently cross examined by my attorney. I have never owned, been a passenger in, or have driven said white vehicle.

At the hearing on the state's motion for summary dismissal, the prosecutor argued that this claim, as well as two other claims, should be dismissed because they could have been raised on direct appeal but were not. The following exchange then occurred:

| The Court: | He's arguing insufficiency of the evidence is that right? |
| [Defense Counsel]: | That's correct, Your Honor. |
| The Court: | All right, I'll grant [summary dismissal] on that. |

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Carlson*, 134 Idaho 389, 402, 3 P.3d 67, 80 (Ct. App. 2000); *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *Carlson*, 134 Idaho at 402, 3 P.3d at 80; *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). Here, Tellez Vasquez contends that the district court erred in summarily dismissing his claim that counsel had been ineffective in not bringing this evidence to light--however, it is clear from the record below that his post-conviction counsel acquiesced in characterizing this issue as an insufficiency of the evidence claim, which clearly is not appropriately pursued in a post-conviction action. *See* I.C. § 19-4901(b) ("Any issue which could have been raised on direct appeal, but was not, is forfeited [in a post-conviction action]."). Thus, the court did not err in summarily dismissing the claim as it was presented to the district court, and Tellez Vasquez may not now argue that such a characterization was erroneous given his acquiescence at the summary dismissal hearing.[3]

---

[3]     Again we note that even if we were to reach the merits of the issue, we would conclude that there was insufficient evidence presented to raise a genuine issue of material fact as Tellez Vasquez failed to provide any admissible evidence aside from his unsupported assertions to

C.      **Evidence of Coercion**

Tellez Vasquez also contends on appeal that the district court erred in summarily dismissing his contention that trial counsel performed deficiently by "not further discrediting the state's case against Mr. Vasquez by exposing the state's coercive tactics used to obtain the drugs . . . ."   During the hearing on the state's motion for summary dismissal, the following discussion took place between the court and counsel for both sides:

| [Prosecutor]: | With respect to argument number four, that's the argument where he says that his rights were violated because they entrapped the co-defendant. |
| --- | --- |
| | Your Honor, I don't believe the defendant has any standing to argue entrapment of a third person.  As best I can understand the argument, he's arguing that somehow the . . . [confidential informant] or co-defendant was coerced into going out and making these transactions. |
| | But I don't see any allegation, whatsoever, that the defendant in any way was coerced into selling the methamphetamine; so I think that one, as a matter of course, should be also denied. |
| The Court: | Do you agree, [Defense Counsel]? |
| [Defense Counsel]: | I would agree with that, Judge. |
| The Court: | All right, it's granted. |

Given that he agreed to the summary dismissal of this claim, Tellez Vasquez cannot now assert error.  *Carlson*, 134 Idaho at 402, 3 P.3d at 80.  As such, we conclude the district court did not err in summarily dismissing this claim.

D.      **Sentencing**

Finally, Tellez Vasquez advances two arguments in regard to his claim that his attorney at sentencing was ineffective due to a conflict of interest--specifically that counsel was concurrently representing Flores, and that even when counsel realized the conflict, he continued to represent Tellez Vasquez without securing a waiver.  First, he contends that the district court erred in sua sponte dismissing this claim on a ground other than those set out in the state's motion for summary dismissal and thus denying him the requisite twenty days notice and an opportunity to respond.  In the alternative, he contends that he raised an issue of fact as to

sustain his claim that trial counsel could have effectively impeached the informant's testimony that Tellez Vasquez utilized a white vehicle.

7

whether counsel was ineffective at sentencing, and therefore the district court erred in summarily dismissing this claim.

### 1. Notice

Tellez Vasquez contends that the district court erred by sua sponte dismissing his conflict of interest claim, because the court summarily dismissed this claim on a ground not contained in the state's motion to dismiss. Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss an applicant's post-conviction claims if the court provides the applicant with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the applicant to respond. Pursuant to I.C. § 19-4906(c), if the state files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the "motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Idaho Rule of Civil Procedure 7(b)(1) requires that the grounds of a motion be stated with "particularity." If the state's motion fails to give such notice of the grounds for dismissal, the court may grant summary dismissal only if the court first gives the applicant the requisite twenty-day notice of intent to dismiss and the grounds therefore pursuant to I.C. § 19-4906(b). *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996).

Similarly, where the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide the twenty days notice. *Saykhamchone*, 127 Idaho at 322, 900 P.2d at 798. The notice procedure contained in I.C. § 19-4906 is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores*, 128 Idaho at 478, 915 P.2d at 40. If the district court dismisses on grounds not contained in the state's motion, the applicant has no opportunity to respond and attempt to establish a material issue of fact.

Here, the state's motion for summary dismissal treated all of Tellez Vasquez's post-conviction claims together, requesting dismissal of Tellez Vasquez's entire petition, stating:

> no genuine issue as to any material fact exists and that the State of Idaho is entitled to judgment as a matter of law. The State further moves for dismissal of Miguel Tellez-Vasquez's Petition for Post Conviction Relief for its failure to put a

8

genuine issue of material fact before the Court as required by Idaho Code 19-4906(c). No specific facts are alleged which would support a claim that there was a constitutional due process violation. Furthermore, the Petition does not allege any facts which would support the claim of ineffective assistance of counsel. . . .

At the summary dismissal hearing, however, the district court based its summary dismissal of the conflict of interest claim on its conclusion that "under the *Strickland* standard, and having been the person who actually imposed the sentence, it wouldn't have made any difference . . . ." On appeal, the state concedes that the district court dismissed the claim on a different, and legally incorrect, ground than was advanced by the state in its motion. However, the state contends that this error does not require reversal despite the lack of twenty days notice of that ground for dismissal. We agree.

Tellez Vasquez's contention ignores that fact that under post-conviction law, the grounds advanced in the state's motion for summary dismissal gave "notice," alerting him to the possible grounds for summary dismissal to which he must respond to preclude such an outcome. Thus, we conclude that whether the notice was given by way of a court's notice of intent to dismiss or in the state's motion for summary dismissal, a failure of the district court to dismiss on the grounds contained in the initial notice does not require reversal if summary dismissal on the ground(s) actually noticed is appropriate because the petitioner failed to reply in a manner raising a genuine issue of material fact.

Here, Tellez Vasquez was put on notice by the state's motion for summary dismissal that the state was contending that he had not alleged specific facts that established a genuine issue of material fact as to whether his counsel had provided ineffective assistance due to a conflict of interest.[4] Thus, we examine below whether Tellez Vasquez succeeded in alleging the requisite facts to create a genuine issue of material fact such that summary dismissal on the grounds contained in the state's motion would be erroneous.

### 2. Genuine issue of material fact

While typically to prevail on an ineffective assistance of counsel claim the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced

---

[4] To the extent that Tellez Vasquez is arguing on appeal that the notice received was insufficient (as opposed to whether notice was received at all), such a claim is waived because he did not raise it below. *Kelly v. State*, 149 Idaho 517, 521-22, 236 P.3d 1277, 1281-82 (2010); *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

by the deficiency, *Strickland*, 466 U.S. at 687-88, where an attorney concurrently represents clients with conflicting interests, and the issue was not raised at trial, the *Strickland* prejudice prong does not apply and a petitioner need only demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *State v. Severson*, 147 Idaho 694, 703, 215 P.3d 414, 423 (2009). This is so because while joint representation is not a per se violation of an accused's Sixth Amendment right to representation free from conflicts of interest, *State v. Hickman*, 119 Idaho 366, 369, 806 P.2d 959, 962 (Ct. App. 1991), it is recognized that possible conflicts of interest exist in almost every case of joint representation, and consequently, conflicts of interest arising from joint representation have been excepted from the general requirement that actual prejudice be shown. *State v. Guzman*, 126 Idaho 368, 371, 883 P.2d 726, 729 (Ct. App. 1994). However, this is a narrow exception; the conflict itself must be shown and will not be presumed. *Id.* The mere possibility of conflict is insufficient to impugn a criminal conviction. *Cuyler*, 446 U.S. at 350; *Dunlap v. State*, 141 Idaho 50, 62, 106 P.3d 376, 388 (2004). The accused bears the burden of showing "active representation of competing interests" in order to establish a conflict of interest implicating the protection of the Sixth Amendment. *Dunlap*, 141 Idaho at 62, 106 P.3d at 388; *State v. Wood*, 132 Idaho 88, 98, 967 P.2d 702, 712 (1998).

To withstand a motion for summary dismissal, an applicant for post-conviction relief must present his supporting facts in the form of competent evidence that would be admissible at an evidentiary hearing. *Nevarez v. State*, 145 Idaho 878, 881, 187 P.3d 1253, 1256 (Ct. App. 2008). That is, an application must be supported by written statements from witnesses who are able to give testimony themselves as to facts within their knowledge, or must be based upon otherwise verifiable information. *Id.*; *Drapeau v. State*, 103 Idaho 612, 617, 651 P.2d 546, 551 (Ct. App. 1982). A mere scintilla of evidence or only slight doubt is not sufficient to create a genuine issue of material fact. *Blickenstaff v. Clegg*, 140 Idaho 572, 577, 97 P.3d 439, 444 (2004); *Nevarez*, 145 Idaho at 881, 187 P.3d at 1256.

In alleging this issue before the district court, Tellez Vasquez twice referenced it in his post-conviction petition, stating that he had been "subjected to a conflict of interest situation" because his counsel was also his co-defendant's attorney and he had not signed a waiver and that "[c]ounsel knew of a conflict of interest situation, but continued to represent [Tellez Vasquez] without a signed waiver." In his affidavit accompanying the petition, he averred that:

10

My attorney also was representing my co-defendant at the same time as myself, which caused a conflict of interest, further damaging my case. At sentencing my attorney did not argue that the was [sic] disproportionate, which further proves the ineffectiveness of my attorney.

He also included as an exhibit a letter from his sentencing counsel, stating, in relevant part:

As you are aware, I represent Mr. Valencia-Flores. Until I started preparation for Sentencing [sic], I did not know that there was possible [sic] a relationship between the two of you. You have maintained your innocence and Mr. Valencia-Flores would not name any names that he was involved with. Additionally, you were both arrested at different times so it was not really apparent that you were co-defendants. . . .

However, in the Pre-Sentence Investigation Report, Mr. Valencia-Flores points a finger at you, so I find myself in a conflict situation. However, this possible conflict can be waived. . . .

Also attached was a "Consent to Waiver of Conflict" that had been provided to him by counsel, but which was unsigned by Tellez Vasquez.

Thus, while Tellez Vasquez may have succeeded in raising a genuine issue of fact regarding whether his attorney was operating under a conflict of interest--most clearly by inclusion of the attorney's letter admitting as much--the extent of the evidence relevant to whether this alleged conflict affected his lawyer's performance is the statement in his affidavit that "[a]t sentencing, my attorney did not argue the was [sic] disproportionate . . . ." Presumably, Tellez Vasquez meant that his attorney did not argue that his *sentence* was disproportionate, however there is no indication as to what Tellez Vasquez contends the sentence was allegedly disproportionate to--nor how this alleged failure to argue disproportionality was affected, if at all, by counsel's alleged conflict of interest. In short, Tellez Vasquez failed to both allege specific facts creating a genuine issue of material fact as to whether a conflict of interest adversely affected his attorney's performance or to present any supporting facts in the form of competent evidence--either in his initial post-conviction petition or after the state filed its motion for summary dismissal. As we indicated above, a mere scintilla of evidence or only slight doubt is not sufficient to create a genuine issue of material fact. *Blickenstaff*, 140 Idaho at 577, 97 P.3d at 444; *Nevarez*, 145 Idaho at 881, 187 P.3d at 1256. Thus, we conclude that Tellez Vasquez's oblique reference to failure to argue proportionality at sentencing was not sufficient to create a genuine issue of fact as to whether counsel's alleged conflict adversely affected his

11

performance.[5]  Accordingly, despite the court's error in failing to provide the requisite notice prior to summary dismissal, we affirm on an alternate ground advanced by the state in its motion--that Tellez Vasquez failed to allege the requisite facts necessary for his claim to survive summary dismissal.

## III.

## CONCLUSION

Tellez Vasquez's contention that the district court erred in summarily dismissing his petition for post-conviction relief is without merit.  Specifically, the evidence underlying his claim that counsel was ineffective for not calling Flores to testify is not properly before this Court and thus we do not address the merits.  In addition, because Tellez Vasquez acquiesced in the district court's characterization of his claim of ineffective assistance of counsel for not making the jury aware that there was "no evidence" linking Tellez Vasquez to a white Cadillac as a sufficiency of the evidence claim, he cannot now contend that summary dismissal on that ground was erroneous.  Likewise, Tellez Vasquez agreed to dismissal of his claim of ineffective assistance regarding failure to introduce evidence that Flores and/or the confidential informant were coerced into participating in the drug transactions, and therefore he cannot claim error on appeal.  Finally, we conclude that the court did not err in summarily dismissing his claim of ineffective assistance of counsel where his attorney was operating under a conflict of interest at sentencing because Tellez Vasquez received the requisite notice as to the insufficiency of his evidence and we further conclude, under the correct theory, that he did not present sufficient

---

[5]  On appeal, Tellez Vasquez contends that the sentencing transcript establishes an issue of fact as to whether the conflict adversely affected his attorney's performance, because after the state argued for a harsh sentence believing that Tellez Vasquez was a primary source of the drugs, rather than rebut the state's characterization of Tellez Vasquez's role, which would have been against the interests of Flores, counsel simply argued that Tellez Vasquez did not have a history of drug abuse and thus a longer sentence was not necessary.  Tellez Vasquez also points out that the attorney elected to proceed without the benefit of a drug evaluation which could have revealed mitigating circumstances, such as that Tellez Vasquez's involvement in drug trafficking was the result of a struggle with addiction.  These arguments, however, were never presented to the district court below in contemplation of summary dismissal--nor is there any indication that the sentencing hearing transcript was before the district court.  This Court will not address issues that are raised for the first time on appeal.  *Porter v. State*, 136 Idaho 257, 262, 32 P.3d 151, 156 (2001).

evidence to raise a genuine issue of material fact as to whether the conflict affected his attorney's performance.

The summary dismissal of Tellez Vasquez's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR**.