[Crim. No. 1167.  First Appellate District, Division Two.—April 9, 1924.]

## THE PEOPLE, Respondent, v. JAMES T. MULLINS, Appellant.

[1] CRIMINAL LAW — DRIVING AUTOMOBILE WHILE INTOXICATED — EVIDENCE.—In this prosecution upon a charge of driving an automobile upon a public highway while under the influence of intoxicating liquor, the fact that defendant and his nephew testified that defendant was not intoxicated merely raised a conflict in the evidence, as did also the fact that the symptoms shown by defendant at the time of his arrest and narrated by the witnesses were compatible with the statement of defendant that he was merely tired and sleepy on the afternoon when he was arrested; and there was ample evidence to justify the verdict of guilty.

[2] ID.—INTOXICATION OF DEFENDANT—OPINION EVIDENCE.—In such prosecution, the arresting officers and the justice of the peace before whom defendant was brought immediately following his arrest, having stated the symptoms upon which they based their respective opinions, were properly permitted to testify relative to the condition of defendant at the time of his arrest; and defendant's objection to such evidence on the ground that these witnesses were not qualified to give opinions on the subject were properly overruled.

[3] ID.—SYMPTOMS OF INTOXICATION—INSTRUCTIONS.—In such prosecution, where the witnesses for the people did not base their opinions as to the condition of defendant upon any one circumstance alone, but upon a combination of circumstances, to which they testified, it was not reversible error to refuse defendant's requested instructions to the effect that weariness was not of itself an indication of intoxication, but was only a circumstance, which, taken with other circumstances, might lead to the conclusion that the person was intoxicated, and that the odor of intoxicating liquor upon the breath of a person would not, of itself, indicate intoxication, but was only a circumstance which, taken with other circumstances, might lead to the conclusion that the person was intoxicated.

[4] ID.—EVIDENCE OF INTOXICATION—INSTRUCTIONS.—It is a matter of common knowledge that some persons react to the influence of intoxicating liquor by becoming dull, sleepy, and sodden, rather than delirious or frenzied; therefore, in a prosecution upon a

1. Liability of person operating automobile on highway while intoxicated, note, L. R. A. 1917A, 313.

2. See 3 Cal. Jur. 970; 10 Cal. Jur. 1003; 11 R. C. L. 608.

3. See 2 Cal. Jur. 1026; 2 R. C. L. 261.

4. See 2 Cal. Jur. 1026; 2 R. C. L. 261.

charge of driving an automobile upon a public highway while under the influence of intoxicating liquor, it is not error to refuse to instruct the jury that "intoxication is a high excitement of mind and elation or condition of mind that arises to enthusiasm sometimes to frenzy and sometimes to delirium, . . . and unless you find from the testimony that the mind of the defendant at the time he is charged with committing the offense was in a high state of excitement, or was elated or had arisen to enthusiasm or frenzy, that the defendant was not guilty of being under the influence of intoxicating liquor."

(1) 28 Cyc., p. 50. (2) 16 C. J., p. 748, sec. 1532; p. 751, sec. 1539. (3) 16 C. J., p. 1039, sec. 2479. (4) 16 C. J., p. 514, sec. 953 (1926 Anno.); p. 1045, sec. 2485.

APPEAL from a judgment of the Superior Court of Fresno County. Stanley Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. O. Traber for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment entered upon a verdict of a jury finding him guilty of driving an automobile upon the public highway while under the influence of intoxicating liquor.

[1] Appellant contends that the verdict is unsupported by the evidence. We have read the entire transcript of the evidence, and it contains ample testimony from which the jury was justified in finding the defendant guilty as charged. The fact that the defendant and his nephew testified that defendant was not intoxicated merely raised a conflict in the evidence, as did also the fact, urged by the appellant, that the symptoms shown by the defendant at the time of his arrest and narrated by the witnesses are compatible with the statement of defendant that he was merely tired and sleepy on the afternoon when he was arrested and was leaning out over the side of his automobile because it was his habit to do so when driving rather than to look through the windshield; that he was following this habit when he was arrested because the windshield was dirty, although it could be seen through. The justice of the peace before whom the defendant was brought immediately after

his arrest, the constable and traffic officer who made the arrest, all testified that they had seen many intoxicated persons and recognized that condition when they saw it, and that the defendant was intoxicated at the time of his arrest, and they based their opinions upon the facts which they enumerated, i. e., that defendant was swerving in his automobile from one side of the road to the other, frequently going off the roadway into the dirt on his right-hand side and driving automobiles coming from the opposite direction off of the highway into the dirt on his left-hand side; that he was hanging out over the side of the automobile and that his entire appearance indicated intoxication and his breath was redolent of alcoholic liquor when he was arrested. Defendant admitted drinking some wine on the day of his arrest. There is no merit, therefore, in the contention that the evidence does not warrant the verdict.

[2] Appellant objects to the action of the trial court in overruling his objection to the testimony of the arresting officers and of the justice of the peace relative to the condition of defendant at the time of his arrest. This objection was made upon the ground that these witnesses were not qualified to give opinions on the subject. Each of these witnesses stated the symptoms upon which he based his opinion, and we think the objections were properly overruled. "Whether a person was intoxicated is one of the most familiar subjects of nonexpert opinion evidence." (11 R. C. L. 608, sec. 31.)

It is also urged that error was committed by the court in refusing to give three instructions offered by defendant. [3] One of these instructions was to the effect that weariness was not of itself an indication of intoxication, but was only a circumstance, which, taken with other circumstances, might lead to the conclusion that the person was intoxicated, and another instruction was to the effect that the odor of intoxicating liquor upon the breath of a person would not, of itself, indicate intoxication, but was only a circumstance which, taken with other circumstances, might lead to the conclusion that the person was intoxicated. A failure to give these instructions does not warrant a reversal of the judgment. None of the witnesses who testified to the intoxication of the defendant based his testimony upon any one circumstance alone, but upon a combination of circumstances and it was these opinions which were before the jury

upon the question of intoxication. If the jury believed the testimony of the witnesses for the prosecution—and they must have done so to have brought in a verdict against the defendant—they could not have believed that either of the circumstances mentioned in the requested instructions stood alone and by itself as evidence against the defendant.

[4] The only other instruction complained of is the instruction to the effect that "intoxication is a high excitement of mind and elation or condition of mind that arises to enthusiasm sometimes to frenzy and sometimes to delirium, and that intoxicating liquors are such liquors which taken create this high excitement of mind, enthusiasm or elation, frenzy or delirium, and unless you find from the testimony that the mind of the defendant at the time he is charged with committing the offense was in a high state of excitement, or was elated or had arisen to enthusiasm or frenzy, that the defendant was not guilty of being under the influence of intoxicating liquor." We think the instruction was properly refused. It is a matter of common knowledge that some persons react to the influence of intoxicating liquors by becoming dull, sleepy, and sodden rather than delirious or frenzied, and from the testimony in the record the defendant was of this type.

The judgment and orders appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.