318 P.2d 592

STATE of Idaho, Plaintiff-Respondent,

v.

Oren Ellis THOMAS, Defendant-Appellant.

No. 8508.

Supreme Court of Idaho.

Nov. 26, 1957.

Worthwine & Dworshak, Boise, for appellant.

374

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., C. Stanley Skiles, Boise, for respondent.

PORTER, Justice.

Appellant was convicted in the Police Court of Boise City of the misdemeanor of driving an automobile upon a public street while under the influence of intoxicating liquor in violation of a city ordinance declaring such driving to be unlawful. He appealed from such judgment to the District Court of Ada County. He was tried in the district court before a jury which found him guilty of such misdemeanor, and a judgment of conviction was entered against him. From such judgment he has appealed to this court.

At about 11:30 p.m. on April 3, 1956, the witness Officer Young observed appellant driving his automobile from its parked position at the corner of Capitol Boulevard and Main Street. Appellant drove his car across two lanes of traffic and into the third lane before he pulled his car back. Appellant drove one block south on Capitol Boulevard and then turned east on Grove Street. The car was driven from one curb

to the other down Grove Street barely missing several parked cars. Officer Young stopped appellant at Fourth and Grove Streets at which time appellant's car was against the left curb on the wrong side of the street. Appellant drove to the right side of the street, opened the door of his car and nearly fell out. Officer Young was assisted by Officer Overgard in taking appellant from his car to the police station where he was booked on a charge of driving while under the influence of intoxicating liquor. Both officers observed a strong odor of alcohol emanating from appellant; that appellant was unsteady when he walked; that he was uncertain and fumbling in his movements and seemed dazed; that his speech was slurred; and that his eyes were red and watery. Both officers testified at the trial that they had observed persons who were under the influence of intoxicating liquor both as individuals and as a part of their duties as policemen and that in their opinion appellant at the time of his arrest was under the influence of intoxicating liquor.

Appellant is a building material salesman. He offered evidence to show that on the morning of the day in question, with the witness Belcher, he went from Boise to Nampa where they worked all day returning to Boise about 6:30 p.m.; that they had dinner and then called on a prospective purchaser in South Boise about 8:00 p.m. with whom they stayed until about 10:00 p.m.; that appellant had a toothache and they drove to his home in South Boise where Belcher stayed in the car while appellant went into his home and took two "pain killer" pills; that appellant then drove Belcher to the home of the witness in West Boise; that after talking with the witness for a short while, appellant returned to downtown Boise; that he parked his car on Capitol Boulevard and went into the Emerald Club on Main Street; that he consumed three bottles of beer in about one-half hour and then went to his parked car and started to his home in South Boise and was arrested on Grove Street by Officer Young. Appellant testified that he was not drunk but that the pills and the beer had an effect; and that he did not know the contents of the "pain killer" pills but learned later from a pharmacist that they contained codeine.

Appellant makes four assignments of error. His first assignment of error is to the effect that the court erred in refusing to give to the jury appellant's requested Instruction No. I to the effect that if the jury believed appellant's abnormal or unusual driving, if any, was caused by the use of codeine, then appellant could not be found guilty of violating the city ordinance under which he was charged. While appellant was permitted to testify that he was advised by a pharmacist who examined the prescription that the "pain killer" pills contained codeine, there was no evidence whatever as to the amount of codeine in

such pills or as to the nature of codeine or its effect upon the human system or whether it would bring about symptoms similar to those brought about by the drinking of intoxicating liquor. There was no evidence in the record justifying such an instruction. The principle proper for consideration by the jury was stated in Appellant's Requested Instruction No. II which was given by the court as Instruction No. 8, reading as follows:

"You are further instructed that if you believe beyond a reasonable doubt, as reasonable doubt is in these instructions defined, that the defendant did act in an unusual or abnormal manner or did any act or thing which was unusual or abnormal, but you further find that such act or conduct of the defendant if any, which was so unusual or abnormal, can be explained on any reasonable grounds or hypothesis other than being under the influence of intoxicating liquor, then you must find the defendant not guilty."

The instruction given by the court sufficiently covered the law in this connection and it was not error to refuse to give additional instructions. State v. Rutten, 73 Idaho 25, 245 P.2d 778; State v. Monteith, 53 Idaho 30, 20 P.2d 1023; State v. Farnsworth, 51 Idaho 768, 10 P.2d 295.

The second assignment of error is that the court erred in advising the jury when it returned for further instructions that the law does not require appellant to be solely under the influence of intoxicating liquor in order to be guilty of the charged crime of driving a motor vehicle while under the influence of intoxicating liquor.

To constitute the crime of driving a motor vehicle while under the influence of intoxicating liquor it is not necessary that any particular degree or state of intoxication be shown but only that the driver has consumed sufficient intoxicating liquor to influence or affect his driving. State v. Glanzman, 69 Idaho 46, 202 P.2d 407.

Whether the driver is influenced or affected by intoxicating liquor solely or by a combination of liquor and other substances is immaterial. In the case of Harrell v. City of Norfolk, 180 Va. 27, 21 S.E. 2d 733, 736, 142 A.L.R. 550, the court approved an instruction that if the jury believed from the evidence beyond a reasonable doubt that the accused at the time in question operated an automobile while under the influence of both whiskey and the pills he had taken, they should find him guilty. The court said:

"The instruction presented the case fairly to the jury, for it must be conceded that if defendant was under the influence of both the whiskey and the pills, he undoubtedly was under the influence of the whiskey."

Similar holdings appear in State v. Glynn, 20 N.J.Super. 20, 89 A.2d 50; Kessler v. State, 136 Tex.Cr.R. 340, 125 S.W.2d. 308.

By Assignments of Error Nos. III and IV, appellant urges the court erred in permitting Officers Young and Overgard to testify that in their opinion appellant was under the influence of intoxicating liquor at the time of his arrest. It is well recognized that opinion evidence as to intoxication is admissible as nonexpert opinion evidence. In People v. Mullins, 66 Cal.App. 475, 226 P. 622, 623, the court approved the statement: "Whether a person was intoxicated is one of the most familiar subjects of nonexpert opinion evidence."

In 20 Am.Jur., Evidence, Sec. 876, page 736, the general rule is stated as follows:

"Recognition of the fact that a person is in a drunken or intoxicated condition requires no peculiar scientific knowledge. Such recognition, however, is one of those matters which involves the statement of the impression or belief in the mind of the witness produced by various circumstances which cannot be made intelligible to the jury apart from the impression they create. It is practically impossible to describe the appearance of a person, his acts, gestures, looks, and other indications of a state of sobriety or of intoxication which make the impression upon one's mind as to whether a person is intoxicated. It is well established, therefore, that a witness who has had opportunity to observe the facts upon which he bases his opinion may give his opinion as to whether the person was intoxicated at the particular time in question."

The court did not err in permitting the witnesses Young and Overgard to testify that in their opinion appellant was under the influence of intoxicating liquor at the time of his arrest.

The judgment of conviction of appellant is affirmed.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.