541 P.2d 977

**STATE of Idaho, Plaintiff-Respondent,**

v.

**George T. WARNER, Defendant-Appellant.**

**No. 11844.**

Supreme Court of Idaho.

Oct. 15, 1975.

R. M. Whittier, Pocatello, for defendant-appellant.

James W. Blaine, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

This appeal is from a judgment of conviction of driving a motor vehicle while under the influence of intoxicating beverages. Appellant challenges the sufficiency of the evidence to sustain the conviction and alleges his privilege against self-incrimination was violated by the trial court.

The testimony introduced by the State shows that on November 8, 1973, at approximately 2:00 a.m., Officer Larsen of the Mackay Police Department was on routine, uniformed patrol in a marked car. Officer Larsen saw an unidentified man driving a pickup truck and camper with only its parking lights on make a left turn from the wrong side of the road into the officer's lane of traffic. The officer testified that he had to back his patrol car up to avoid being hit by the truck.

Officer Larsen turned on the police lights and followed the truck as it was driven out of town. It was being driven in an erratic fashion, weaving across the center line, and at one point nearly struck a vehicle parked on the opposite side of the highway. The truck was finally stopped on the highway outside of town.

At the trial the defendant testified he had left a local tavern shortly after the 1:00 a.m. closing time, and had driven to the highway leading out of town by a route different from that described by Officer Larsen. The defendant testified that he was driving with his lights on; that he was driving on his side of the road; that he was driving safely and felt he could make it home; and, that he did not notice the patrol car with the flashing lights and siren until he was on the highway headed

out of town. The defendant also offered in evidence the testimony of the owner-bartender of the tavern. The bartender testified that the defendant did not appear to him to be intoxicated; that the defendant walked without difficulty; and, that he watched the defendant drive away on a steady course, not going appreciably to one side of the road or the other.

When the officer spoke with the defendant after the truck was stopped, he noticed a strong odor of beer on the defendant's breath and observed the defendant's eyes to be bloodshot and watery; his face was flushed. At the officer's request the defendant stepped out of the truck to examine the headlights. The officer testified that defendant appeared wobbly as he got out of the truck and hung on to the side of the truck when he went to look at the headlights.

The truck was stopped on the highway for approximately 8 to 12 minutes. Officer Larsen then requested the defendant to come with him to the police station for sobriety tests, which the defendant agreed to do. Because of the late hour, lack of traffic, the defendant's concern about possible vandalism to his truck, and the improvement in the defendant's appearance during the stop, the officer had defendant follow him back to the police station in his own truck.

At the police station a breath analysis test (Mobat SM-7) was given to defendant, but the results were not admitted in evidence because the deputy sheriff who administered the test was unavailable to testify at trial. Defendant was read his constitutional rights, and these were explained to him, after which he signed a waiver form. At trial defendant could not remember having signed the waiver form.

Officer Larsen then began to go over with defendant several questions and tests prescribed on an "alcohol influence program" form. The officer testified that defendant responded affirmatively to questions whether he had been driving a vehicle and whether he had been drinking.

Officer Larsen testified that defendant told him he had had three or four beers that evening before leaving the tavern at 1:00 a.m. The bartender testified that defendant had been in his tavern 2 to 2½ hours and had had one or two beers and a glass of tomato juice. Defendant testified that he had had one or two beers at the tavern that he left around 1:00 a.m., and that he had had two or three beers at another tavern earlier in the evening. Defendant testified that he knew drinking beer would relax a person, and that he had been relaxed, but that he did not feel so bad that he could not drive home safely.

Defendant was also given the finger-to-nose test and the coin-pick-up test at approximately 3:00 a.m. The officer testified defendant did not perform well on these tests. Defendant did not remember taking them. It was the officer's opinion that defendant was under the influence of intoxicating beverages and was impaired in his ability to drive.

Defendant was placed in the Arco City Jail at approximately 4:00 a.m. and was cited for violation of Section 49–1102, Idaho Code.[1] Defendant was arraigned later that day and pled not guilty. On December 18, 1973, a formal complaint was issued charging defendant with violation of Section 49–1102. On December 28, 1973, a court trial was held before the magistrate resulting in a judgment of conviction. Appeal was taken to the district court where the judgment was affirmed on the record. We affirm.

■ Appellant's first assignment of error is that the evidence is insufficient to establish that he was under the influence of intoxicating beverages at the time of the alleged offense. Appellant contends that the state's case depends solely on the testimony of the arresting officer. He argues that the officer's testimony that defendant was able to drive back into town within eight minutes of the initial stop is fatally inconsistent with and does not support the conclusion that defendant was under the influence of intoxicating beverages.

The evidence adduced at trial was in conflict. However, it is a well established rule that the weight and credibility to be given conflicting evidence is a matter for the trier of fact.[2] It is equally well established in this jurisdiction that a judgment of conviction will not be disturbed on appeal where there is substantial and competent, though conflicting, evidence to support that judgment.[3] We cannot say as a matter of law the trial court's determination that appellant was under the influence of intoxicating beverages was unsupported by substantial evidence.[4]

■ Appellant's second assignment of error is that the evidence is insufficient to establish that he was unable to operate a motor vehicle as carefully as a reasonable and prudent person under similar circumstances. Appellant argues that the state must show beyond a reasonable doubt that the driving ability of a person who has consumed intoxicating beverages has been impaired to the extent that it presents a

1. § 49–1102, Idaho Code, provides in pertinent part: "(a) It is unlawful . . . for any person who is under the influence of intoxicating beverages to drive or be in actual physical control of any motor vehicle within this state. . . ."

2. *State v. Shannon,* 95 Idaho 299, 303, 507 P.2d 808 (1973); *State v. Stevens,* 93 Idaho 48, 50, 454 P.2d 945 (1969); *State v. Ross,* 92 Idaho 709, 713, 449 P.2d 369 (1968); *State v. Pruett,* 91 Idaho 537, 541, 428 P.2d 43 (1967).

3. *State v. Shannon, supra* note 2, 95 Idaho at 303, 507 P.2d 808; *State v. Stevens, su-*

pra note 2, 93 Idaho at 50, 454 P.2d 945; *State v. Ross, supra* note 2, 92 Idaho at 713, 449 P.2d 360; *State v. Pruett, supra* note 2, 91 Idaho at 541, 428 P.2d 43; *State v. Snowden,* 79 Idaho 266, 271–72, 313 P.2d 706 (1957); *State v. Scrivener,* 66 Idaho 498, 502, 162 P.2d 897 (1945).

4. *See State v. Reyna,* 92 Idaho 669, 675, 448 P.2d 762 (1968); *State v. McFarland,* 88 Idaho 527, 534, 401 P.2d 824 (1965); *State v. Thomas,* 79 Idaho 372, 377, 318 P.2d 592 (1957); *State v. Glanzman,* 69 Idaho 46, 48–49, 202 P.2d 407 (1949).

danger to public safety. It is appellant's contention that this requires a showing that "such a person is unable to operate a motor vehicle with the caution characteristic of a sober person of ordinary prudence under similar circumstances." Appellant cites as authority for his position Idaho Jury Instruction (IDJI) 224 [5] and *Packard v. O'Neil.*[6]

We cannot hold on the record in this case that the evidence is insufficient to show that appellant was unable to drive a motor vehicle as a reasonably prudent person. And in any event, appellant does not correctly state the law of this state. IDJI 224 is a suggested pattern jury instruction intended for use in *civil* cases.[7] It is not a model standard to be applied in criminal prosecutions for violation of § 49–1102, Idaho Code.

The test to be applied in these cases was first stated by this court in *State v. Glanzman,*[8] in which the following jury instruction was approved:

"To constitute this crime, *it is not necessary that the driver of the motor vehicle be shown to have been in any particular degree or state of intoxication, but only that such driver at the time charged had consumed intoxicating liquor to such an extent as·to influence or affect his driving of the motor vehicle.*"[9] (Emphasis added.)

In *Glanzman*[10] this court specifically considered and rejected a proposed jury instruction based on the holding in *Packard v. O'Neil.*[11] The reasoning of the *Glanzman* case was sound and has been consistently followed by this court.[12]

■ Appellant next assigns as error certain conduct of the trial court which allegedly deprived appellant of his constitutional privilege against self-incrimination.[13] At trial the court denied appellant's motion for acquittal at the close of the prosecution's case, stating that it believed that the evidence introduced to that point disclosed the possible commission of an offense not charged in the complaint. Appellant urges that this action by the trial court forced him to take the stand in violation of his constitutional privilege against self-incrimination.

We find nothing in the record to indicate that appellant was deprived of his constitutional privilege against self-incrimination. Appellant has been represented by counsel at all stages of the proceedings against him. Before he testified, appellant was reminded by the trial court of his privilege against self-incrimination and indicated that he understood this privilege and the results of waiving it. Appellant's knowing, intelligent and voluntary waiver of his privilege against self-incrimination, in the presence of counsel, cannot be disregarded by this court.[14]

Appellant also argues that because the trial court did not clearly state what this

---

5. IDJI 224 reads: "Intoxication Defined: A person is under the influence of [intoxicating liquor] [a drug] when as a result of [drinking intoxicating liquor] [using a drug] his physical or mental abilities·are so impaired that he no longer has the capacity to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under similar circumstances."

6. 45 Idaho 427, 262 P. 881 (1927).

7. The comment to IDJI 224 provides: "When intoxication by liquor or drug is an issue for the jury, an instruction dealing with the violation of the statute, Idaho Code § 49–1102, will normally be given. *This definition may appropriately accompany the instruction on violation of that statute in a civil case.* The presumptions of intoxication from alcoholic content of the blood, as provided in Idaho

Code § 49–1102(b), are not applicable in a civil case." (Emphasis supplied.) Compare I.R.Civ.P. 51(a)(2) with I.R.Crim.P. 30.

8. *Supra* note 4, 69 Idaho 46, 202 P.2d 407 (1949).

9. *Id.* at 49, 202 P.2d at 408.

10. *Id.* at 49–52, 202 P.2d at 408–410.

11. *Supra* note 6.

12. See *State v. McFarland, supra* note 4, 88 Idaho at 534, 401 P.2d 824; *State v. Thomas, supra* note 4, 79 Idaho at 376, 318 P.2d 592.

13. Idaho State Const. Art. I, Sec. 13; U.S. Const., Amends. V, XIV.

14. See, e. g., *State v. Jesser,* 95 Idaho 43, 49, 501 P.2d 727 (1972) and cases cited therein.

other possible offense was, he was forced to testify in violation of his privilege against self-incrimination. While we do not approve of judicial comment which may confuse or mislead a criminal defendant with respect to the offense with which the defendant is charged—and thus cannot in the abstract approve the trial court's comments in the instant case—our examination of the record reveals that appellant was not confused or misled by the trial court. The charge against appellant was clearly stated, and it is the only one of which he stands convicted. The trial court's failure to express more clearly what it was thinking was not error.

■■ Appellant's final argument is that the trial court sought evidence of this possible additional offense from appellant and used appellant's testimony to find appellant guilty in violation of his privilege against self-incrimination. Appellant's argument is based on a statement made by the trial court while pronouncing judgment that "mainly, Mr. Warner, it is your own testimony that probably done more to convince this Court that you were under the influence than any other evidence submitted to this Court." [sic]. Appellant also argues that this statement shows that at the time of appellant's motion for acquittal the trial court had a reasonable doubt of appellant's guilt.

We do not find merit in appellant's argument that the trial court deprived him of his privilege against self-incrimination. While the trial court erroneously stated that it relied on alleged evidence of the commission of some other offense, the denial of appellant's motion for acquittal was proper. The rule with respect to motions for acquittal was restated by this court in *State v. Jesser* [15] as follows:

> "In Idaho, therefore, a motion for directed verdict of acquittal must be granted only when there is 'no evidence' upon which to base a verdict of guilt. Under this rule, the directed verdict has been limited to cases involving a 'total lack of evidence.' " [16]

At the time appellant's motion for acquittal was denied, there was substantial evidence upon which to base a finding of guilt.

The judgment of conviction is affirmed.

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.

15. *Supra* note 14, 95 Idaho 43, 501 P.2d 727.

16. *Id.* at 48, 501 P.2d at 732.