882 P.2d 449

STATE of Idaho, Plaintiff–Respondent,

v.

Joe LEWIS, Defendant–Appellant.

No. 20853.

Court of Appeals of Idaho.

Sept. 22, 1994.

Lynn, Scott, Hackney & Jackson, John C. Lynn, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Following a jury trial before a magistrate, Joe Lewis (Lewis) was found guilty of driving under the influence of alcohol (DUI), in violation of I.C. § 18–8004.[1] Lewis appeals, assigning error to the admission at his trial of testimony regarding the horizontal gaze nystagmus (HGN) test, a jury instruction on the meaning of driving under the influence, and the magistrate's denial of Lewis's motion to suppress the results of the breath-alcohol test. For the reasons stated below, we affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On April 4, 1991, shortly after midnight, Officer Rodney Sherfick (Sherfick) of the Boise Police Department observed two motorcycles travelling south on Orchard Street, one of which was being driven by Lewis. It appeared to Sherfick that the motorcycles were speeding, and on two occasions he saw Lewis drift over to the left of the lane and travel for a short distance on the double yellow line of the road. He then observed Lewis change lanes without signaling. Sherfick stopped Lewis and administered field sobriety tests, including the HGN test, walk and turn test and one-leg stand test. After Lewis performed unsatisfactorily on the tests, Sherfick placed him under arrest for DUI. He then transported Lewis to the police station and conducted two Intoximeter 3000 breath tests. These tests indicated a

---

1. I.C. § 18–8004(1)(a) and (4) provide, in pertinent part:

 (1)(a) It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.10, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.
 . . . .
 (4) For purposes of this chapter, an evidentiary test for alcohol concentration shall be based upon a formula of grams of alcohol per one hundred (100) cubic centimeters of blood, per two hundred ten (210) liters of breath or sixty-seven (67) milliliters of urine. . . .

breath-alcohol content (BAC) of .16 and .17, respectively. Lewis was charged with DUI.

Lewis filed a motion seeking to suppress the results of the breath tests and on November 20, 1991, a hearing on the motion was held before a magistrate. The suppression motion was denied and the case went to trial on January 3, 1992. This trial ended in a mistrial when the jury failed to agree upon a verdict. A second trial was held on May 14 and 15, 1992, and the jury found Lewis guilty. The magistrate withheld judgment and placed Lewis on probation. On July 29, 1993, Lewis appealed to the district court, claiming that the trial court erred in denying his motion to suppress, in admitting certain testimony regarding the HGN test, and in instructing the jury. The district court affirmed the decision of the trial court and Lewis appeals from the district court's order. On appeal from an order of the district court reviewing a determination made by a magistrate, this Court examines the record of the trial court independently of, but with due regard for the district court's intermediate appellate decision. *Sivak v. State,* 119 Idaho 211, 215, 804 P.2d 940, 944 (Ct.App.1991).

## II.

## DISCUSSION

### A. THE ADMISSIBILITY OF TESTIMONY REGARDING THE HGN TEST

During the trial, while explaining the HGN test, Sherfick described the symptoms for which he was trained to look. At one point Sherfick stated, "We look for [twitching of the eye] to start at about a 45–degree angle, and if their eyes start twitching at 45 or before 45, they have a very high probability of being over .10 alcohol consumption." Lewis argues that this testimony constituted error although he did not object to its admission during the trial.

■ Lewis's failure below to object to the admissibility of this evidence precludes him from raising this issue on appeal. *See* I.R.E. 103(a). It is well established that issues not raised in the trial court cannot later be raised on appeal, unless the alleged error would constitute "fundamental error."

*See, e.g., State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991). With regard to a claim that evidence has been admitted erroneously, our Supreme Court has held that the admission of evidence is not "fundamental error" where the evidence does not go to the foundation of the case or take from the defendant a right that was essential to his defense. *State v. Higgins,* 122 Idaho 590, 596, 836 P.2d 536, 542 (1992), *citing State v. Bingham,* 116 Idaho 415, 422, 776 P.2d 424, 432 (1989). Neither of these circumstances appear present in the instant case. Accordingly, we hold that Lewis cannot now challenge the admission of the evidence through assertion of the issue for the first time on this appeal.

### B. THE JURY INSTRUCTION

■ Lewis also assigns error to the trial court's instruction on the meaning of driving under the influence. This jury instruction read as follows:

> To constitute the crime of operating or controlling a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, it is not necessary that any particular degree or state of intoxication be shown. The State need only show that the defendant had consumed sufficient intoxicating beverage, or ingested sufficient drugs, to influence or affect his driving.

Lewis neither objected to the instruction nor proposed an additional or different instruction on this subject.

In *State v. Glanzman,* 69 Idaho 46, 202 P.2d 407 (1949), the Idaho Supreme Court approved essentially the same instruction. In *Gleason,* the Supreme Court reaffirmed the validity of this instruction, stating that "[t]he proper jury instruction for the crime of driving under the influence can be found in [*Glanzman*]." *State v. Gleason,* 123 Idaho 62, 66, 844 P.2d 691, 695 (1992); *see also State v. Warner,* 97 Idaho 204, 207, 541 P.2d 977, 980 (1975); *State v. McFarland,* 88 Idaho 527, 534, 401 P.2d 824, 828 (1965); *State v. Thomas,* 79 Idaho 372, 376, 318 P.2d 592, 594–95 (1957).

Lewis argues that this Court's holding in *State v. Andrus,* 118 Idaho 711, 800 P.2d 107

(Ct.App.1990), requires an instruction that the driving impairment was "discernable," "noticeable" or "perceptible." *Andrus* does not support such an assertion. In *Andrus*, the trial court gave an instruction, the first paragraph of which was similar to that given in *Glanzman* and that given in the instant case. Regarding this first paragraph, we stated:

> We believe that the instruction … is sufficient, standing alone, to include all of the elements of the crime. While it is not error to further quantify the degree of proof required, such is not mandatory. We recommend that if an adjective phrase is to be used to describe the degree of impairment required, it be that the impairment is noticeable or perceptible.

118 Idaho at 715, 800 P.2d at 111. However, the trial court in *Andrus* also gave additional, contradictory instructions. The additional instructions created the impression that a jury could find the defendant guilty even if the alcohol consumption did not affect the defendant's ability to drive. This Court held that the contradictory instructions were invalid and reversed the district court's decision upholding the judgment of conviction.

The instruction in this case is readily distinguishable from the improper instructions given in *Andrus* and adequately informs the jury on the meaning of the phrase driving under the influence. Consequently, we hold that the trial court did not err in instructing the jury.

## C. THE MOTION TO SUPPRESS

Lewis further contends that the trial court erred in denying his motion to suppress the results of the Intoximeter breath tests. He argues that the test results were obtained in violation of statutory and regulatory requirements, namely, the mandatory fifteen-minute waiting period before administration of the test. *See State v. Bradley,* 120 Idaho 566, 817 P.2d 1090 (Ct.App.1991).

In *Bradley,* this Court stated that the fifteen-minute observation period is part of the "operating procedure" for conducting a breath test with the Intoximeter. 120 Idaho at 569, 817 P.2d at 1093. We further stated that the purpose of the fifteen-minute wait-ing-observation period is to reduce the risk of invalid test results from various conditions which might occur after the time of arrest. *Id.* The Department of Law Enforcement's training manual, cited as authority in *Bradley,* provides that during the fifteen-minute period "the subject may not smoke, consume alcohol, belch, vomit, use chewing tobacco, or have any other foreign substance in the mouth." *Id.* The manual further states that if belching or vomiting does occur or something is found within the mouth during the fifteen-minute period, the waiting period must begin over again. *Id.*

Lewis claims to have had gum or cough drops in his mouth during the fifteen minutes prior to the administration of the Intoximeter tests. He also asserts that "based simply on the time frame between the stop, arrest transport and test," Officer Sherfick could not have observed Lewis for the requisite fifteen-minute period. We examine Lewis's contentions after noting the appropriate standard of review.

 Where a trial court has ruled on a motion to suppress evidence, the standard of review is one of deference to factual findings unless they are clearly erroneous, but free review of whether the trial court correctly applied the law to the facts. *See State v. Weber,* 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989); *State v. Rusho,* 110 Idaho 556, 559, 716 P.2d 1328, 1331 (Ct.App.1986). The record does not contain the trial court's findings of fact which formed the basis for its denial of Lewis's suppression motion. Therefore, we examine the record to determine the explicit findings that underlie the trial court's order and we will uphold those findings if they are supported by substantial evidence. *See State v. Zubizareta,* 122 Idaho 823, 826, 839 P.2d 1237, 1240 (Ct.App.1992).

 In the record on appeal submitted by Lewis, the only testimony provided from the suppression hearing is that of Officer Sherfick. Sherfick testified that he complied with all of the requirements for administering the breath test. He also testified that Lewis had chewing gum in his mouth, which Sherfick asked him to spit out and that although he did not recall specifically where they were

when he asked Lewis to spit out the gum, he believed that it occurred at the scene of the arrest. He stated that if he had asked Lewis to spit the gum out at the jail, he would have waited another fifteen minutes to administer the tests. Sherfick also testified that before administering the Intoximeter tests, he asked Lewis whether he had belched, vomited or had had any foreign articles in his mouth other than the gum, and that Lewis indicated that he had not.

Lewis also asserts that the time period between the time he was stopped by Sherfick and the time that Sherfick administered the breath tests somehow precluded Sherfick's compliance with the mandatory fifteen-minute waiting-observation period. We conclude that this argument is meritless. During the suppression hearing, Sherfick testified that the time of the stop was approximately 12:25 a.m. The breath tests began at approximately 12:56 a.m., thirty-one minutes later. Such a time frame did not foreclose Sherfick's observance of the fifteen-minute waiting period immediately preceding administration of the Intoximeter tests.

Based on the foregoing, we conclude that substantial evidence supported the trial court's implicit finding that Sherfick complied with the required fifteen-minute waiting period. Accordingly, we hold that the trial court properly denied Lewis's motion to suppress the results of the Intoximeter tests.

### III.

### CONCLUSION

We hold that the question of the admission of Sherfick's testimony regarding the HGN test results has not been preserved for appellate review. We further hold that the trial court's instruction on the meaning of driving under the influence was not error. Finally, the trial court properly denied Lewis's motion to suppress the results of the Intoximeter 3000 tests.

The order withholding judgment of conviction and granting probation is affirmed.

LANSING and PERRY, JJ., concur.