**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44512**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 379 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 6, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JEFFREY ALLEN JESKE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jeffrey Allen Jeske appeals from his judgment of conviction for felony driving under the influence (DUI). Jeske argues the district court erred when it made evidentiary rulings during Jeske's trial, allowed the State to amend the information the morning of the trial, and refused to give a requested jury instruction. Jeske also asserts that the cumulative error doctrine requires his conviction to be vacated. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer conducted a traffic stop on a vehicle traveling with a broken headlight. The officer asked the driver, identified as Jeske, for his driver's license and proof of insurance. Jeske produced his registration and proof of insurance but not his driver's license. Jeske told the

1

officer that he did not have a driver's license, it had expired, and he did not renew it. Jeske appeared to be intoxicated, so the officer asked Jeske to perform field sobriety tests and Jeske refused. Blood draw test results showed that Jeske's blood alcohol content was 0.182. The State charged Jeske with felony DUI. I.C. §§ 18-8004 and 18-8005(6). Jeske waived his preliminary hearing and proceeded to trial at which a jury found him guilty. Jeske appeals.

## II.

## ANALYSIS

Jeske raises five claims of error on appeal. First, Jeske argues that his constitutional rights to due process, notice, and a preliminary hearing were violated when the district court granted the State's motion to amend the information to allow a per se DUI theory. Second, Jeske asserts the district court erred by allowing evidence of his refusal to submit to a blood draw in violation of his Fourth Amendment rights. Third, Jeske argues that the district court erroneously admitted evidence of uncharged misconduct under a *res gestae* analysis instead of excluding it under I.R.E. 404(b). Fourth, Jeske contends that the district court erred when it refused to give his requested impairment theory jury instruction. Lastly, Jeske contends these errors, either independently or cumulatively, should result in this Court vacating the judgment of conviction and remanding the case for a new trial.

### A.     Amended Information

Jeske argues that his constitutional rights to due process, notice, and a preliminary hearing were violated when the district court granted the State's motion to amend the information on the morning of trial to allow a *per se* DUI theory. The decision to allow the State to amend an information is a matter within the discretion of the trial court. *State v. Tribe*, 126 Idaho 610, 611-12, 888 P.2d 389, 390-91 (Ct. App. 1994). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). As noted by the State, Jeske does not recite this, or any, standard of review in relation to the district court's ruling on the State's motion to amend. Failure to address this multi-tiered inquiry is fatally deficient to the party's case. *State v.*

2

*Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). While Jeske claimed in his reply brief that his opening brief "acknowledged" that whether to allow the amendment was subject to the district court's discretion, no such acknowledgment is apparent and, in any event, an acknowledgment does not comport with the requirement that Jeske address the multi-tiered inquiry applicable to the abuse of discretion standard. Accordingly, we decline to address Jeske's claim that the district court "erred" by granting the State's motion to amend.

**B.      Refusal to Submit to Blood Draw**

At the time of the traffic stop, Jeske appeared to be intoxicated. Jeske refused to perform field sobriety tests and was arrested for suspicion of DUI. Jeske also refused to submit to a breathalyzer. When asked whether he would submit to a blood draw, Jeske did not respond. The officer then obtained a search warrant. Jeske was transported to a hospital for a blood draw where Jeske, for the first time, stated he objected to the blood draw. Because a warrant had already been issued, Jeske's blood was drawn and the test results showed Jeske's blood alcohol concentration was 0.182. On the first day of trial, Jeske asked the district court to exclude evidence of Jeske's refusals to perform field sobriety tests and his refusal to take a breathalyzer test,[1] arguing that his refusals were not relevant to a DUI charge. The State argued that all of Jeske's refusals, including his refusal to submit to a blood draw, were relevant to show consciousness of guilt. The district court denied Jeske's request to exclude evidence of his refusals, ruling that the refusal to engage in the field sobriety test, the breathalyzer, and to submit to a blood draw went to consciousness of guilt. As a result of the district court's ruling, the officer was allowed to testify at trial that when Jeske declined to respond to the officer's request for a blood draw, the officer obtained a warrant. The State also presented video evidence of Jeske's silence in response to the officer's request for a blood draw and of Jeske's statement, made at the time of the blood draw. In response to Jeske's objection, the officer advised Jeske that the officer had a warrant.

---

[1]      Although Jeske's motion characterized his lack of response to the officer's request to take a breathalyzer test as a "refusal," in his opening statement, Jeske argued that "he didn't refuse the test, he just didn't speak, as he was told was within his rights." Similarly, Jeske did not respond when the officer first requested a blood sample. As indicated, Jeske did not object to the blood draw until he was at the hospital and the warrant had already issued.

Jeske argues that the district court's decision to allow evidence of his refusal to submit to a blood draw violated his Fourth Amendment right. Jeske argues that the district court's decision contradicts Idaho precedent, specifically *State v. Christiansen* 144 Idaho 463, 470, 163 P.3d 1175, 1182 (2007). In *Christiansen*, the Idaho Supreme Court held that the same rationale that precludes evidence of an accused's assertion of his or her Fifth Amendment rights, offered for the purpose of either impeachment or inferring guilt, precludes evidence of the accused's assertion of his Fourth Amendment rights offered for the same purposes. The State argues that Jeske's constitutional claim is not preserved because he only requested that the district court exclude evidence of his refusal to perform field sobriety tests and submit to a breath test and did not specifically ask the district court to also exclude his refusal to submit to a blood draw. Alternatively, the State argues that Jeske's Fourth Amendment claim "fails the fundamental error test" because even though Jeske "potentially meets the first prong of the fundamental error test," he fails prongs two and three because "existing authorities have not unequivocally resolved admissibility of a refusal to take a blood test" and "any error was harmless because it did not contribute to the verdict."

We reject the State's preservation argument. Although the State correctly notes that Jeske's motion did not include a request to exclude evidence of his "refusal" in relation to the blood draw, the district court's ruling, and the State's response to Jeske's motion, covered all of Jeske's refusals to submit to evidentiary testing. Because the district court issued a ruling on this issue, we will consider it on appeal. *See State v. Abdullah*, 158 Idaho 386, 482, 348 P.3d 1, 97 (2015) (noting that a trial court's alleged error on appeal will not be considered *unless* the record discloses an adverse ruling which forms the basis for the alleged error).[2]

---

[2]    The State acknowledges that adverse rulings can form the basis for review, but contends review of Jeske's Fourth Amendment claim is not appropriate in this case (except for fundamental error) because "the district court's ruling on the blood draw was superfluous and not necessary to the actual motion raised by Jeske." The Court's opinion in *Abdullah* supports this basic principle, but not its application in this case. In *Abdullah*, the district court provided a ruling "in an abundance of caution" even though the defendant withdrew the request to which the ruling related. *Abdullah*, 158 Idaho at 482, 348 P.3d at 97. Unlike *Abdullah*, Jeske did not seek to prevent the district court from including Jeske's refusal to consent to a blood draw in ruling on Jeske's motion to exclude evidence of his refusals. Moreover, although Jeske's motion only expressly referenced the field sobriety tests and the breathalyzer, his argument was premised on

4

Because constitutional questions are purely questions of law, they are reviewed de novo. *See State v. Kelley*, 161 Idaho 686, 689, 390 P.3d 412, 415 (2017). Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

Idaho appellate courts have previously held that a defendant's refusal to perform alcohol concentration testing is admissible in a DUI case. *State v. Bock*, 80 Idaho 296, 309, 328 P.2d 1065, 1073 (1958), *abrogated by State v. Halseth*, 157 Idaho 643, 646, 339 P.3d 368, 371 (2014); *State v. Rocha*, 157 Idaho 246, 251, 335 P.3d 586, 591 (Ct. App. 2014). In *Bock*, the Supreme Court reasoned that a refusal, like any other voluntary act or statement was competent for the jury to consider and to draw from it whatever inference as to guilt or innocence may be justified thereby. *Bock*, 80 Idaho at 309, 328 P.2d at 1073. This Court has also reasoned that such evidence is relevant to show consciousness of guilt because the fact finder may infer that the defendant refused the test because he or she knew the test results would not be in his or her favor. *Rocha*, 157 Idaho at 251, 335 P.3d at 591. However, the Idaho Supreme Court has more recently held that, in light of changing precedent from the United States Supreme Court, a defendant suspected of driving under the influence has the right to withdraw his or her implied consent to blood alcohol concentration testing by objecting to a blood draw, in which case, the State must obtain a warrant. *Halseth*, 157 Idaho at 646, 339 P.3d at 371. But, the Court has also distinguished between blood draws and breathalyzer tests with respect to the warrant requirement and has concluded that, because a breathalyzer is a reasonable search, a warrant is not required.

_____

the constitutional right to refuse a warrantless search, which only applies to blood draws. *See State v. Haynes*, 159 Idaho 36, 45-46, 355 P.3d 1266, 1275-76 (2015) (holding that because breath tests are not unreasonable searches a warrant is not required).

*State v. Haynes*, 159 Idaho 36, 46, 355 P.3d 1266, 1276 (2015). It is an open question whether the principle from *Christiansen*--that evidence of an accused's assertion of his or her Fourth Amendment rights may not be offered for the purpose of either impeachment or inferring guilt-- applies to refusals to perform alcohol concentration testing and whether there is any distinction to be made between a refusal to submit to breath testing and a refusal to submit to a blood draw. We need not decide that question in this case because, even assuming a constitutional violation, the error did not contribute to the jury's verdict.

The State's evidence that Jeske was driving under the influence included the officer's testimony about signs of intoxication exhibited by Jeske, the video of Jeske's behavior at the time of the traffic stop and following his arrest, and that Jeske had a 0.182 blood draw test result. The State also presented evidence that Jeske refused to perform field sobriety tests and refused to participate in the breathalyzer test. Jeske does not challenge this evidence on appeal. Given the evidence presented, including evidence of other, unchallenged refusals, we can conclude that the evidence that Jeske also refused to submit to a blood draw did not contribute to the jury's guilty verdict. Thus, even if the district court erred in admitting evidence of that refusal, any error was harmless.

## C. Uncharged Misconduct

On the first day of trial, Jeske also moved to exclude the portion of the video of the traffic stop in which the officer and Jeske discussed his lack of a driver's license. In particular, the video shows a discussion in which the officer asked Jeske for his driver's license and Jeske said he did not have one and that it was expired. Jeske argued that such evidence would be unfairly prejudicial and showed a propensity to violate the law. The State argued that the evidence was relevant to prove identification and was not unfairly prejudicial. The State also argued that the conversations were "so intertwined" that it would "take some significant work to redact and make the conversation flow." The district court denied Jeske's motion, concluding that the conversation was not prejudicial and that it was "sufficiently intertwined with other issues," including "reasonable suspicion and probable cause."

On appeal, Jeske argues that the district court erred when it allowed admission of the challenged portion of video, claiming that, by doing so, the district court engaged in an improper *res gestae* analysis and should have instead analyzed whether the evidence was admissible under

6

I.R.E. 404(b). Jeske contends that, "since the district court used the wrong analysis to admit the driver's license evidence, and since that evidence is not admissible under the proper analysis, the district court erred when it allowed the State to present the evidence" of his "uncharged misconduct."

Idaho Rule of Evidence 404(b) prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012). When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred.[3] If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). We exercise free review of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Jeske correctly notes that, in *Kralovec*, the Idaho Supreme Court rejected *res gestae* as a standard for admitting evidence and concluded that evidence is only admissible if it meets the criteria established by the Idaho Rules of Evidence. *Kralovec*, 161 Idaho at 574, 388 P.3d at 588. However, contrary to Jeske's argument, it is not clear that the district court was applying a *res gestae* standard to admit the evidence related to Jeske's driver's license status. That the district court used the words "intertwined with other issues" does not prove otherwise. Indeed, the district court may have used that phrase in the same sense it was used by the State--that it

---

[3] Jeske does not contend that there was insufficient evidence that he did not have a valid driver's license.

7

would be difficult to redact because it was intertwined. Ultimately, we need not decide whether the evidence of Jeske's driver's license status was admissible under I.R.E. 404(b) because any error in its admission was harmless. As previously noted, the State's evidence that Jeske was driving under the influence included the officer's testimony about signs of intoxication exhibited by Jeske, the video of Jeske's behavior at the time of the traffic stop and following his arrest, and that Jeske had a 0.182 blood draw test result. That Jeske did not have a driver's license did not show a propensity to drive under the influence or otherwise contribute to the jury's verdict finding Jeske guilty of DUI.

**D.      Jury Instructions**

Jeske requested the following jury instruction:

> To prove that someone was under the influence of alcohol, it is not necessary that any particular degree or state of intoxication be shown. Rather, the State must show that the defendant had consumed sufficient alcohol to influence his ability to drive a motor vehicle.
> The influence must be noticeable or perceptible and impair a physical or mental function that relates to one's ability to drive.

The district court denied Jeske's request to add the second paragraph--that the influence must be noticeable or perceptible--because it is not part of the approved pattern instructions for DUI. The district court instead gave the approved criminal jury instruction regarding degree of intoxication (ICJI 1006), which is consistent with the first paragraph of Jeske's requested instruction.[4]

Jeske argues that the district court erred when it refused to give his requested modification to the pattern instruction. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). An error in jury instructions only

---

[4]      The district court's instruction was:

> To prove that someone was under the influence of alcohol, it is not necessary that any particular degree or state of intoxication be shown. Rather, the State must show that the defendant had consumed sufficient alcohol and/or intoxicating substances to influence or affect the defendant's ability to drive the motor vehicle.

constitutes reversible error when the instruction misled the jury or prejudiced the party challenging the instruction. *Severson*, 147 Idaho at 710, 215 P.3d at 430. The pattern Idaho Criminal Jury Instructions are presumptively correct statements of law, and trial courts are expected to use them unless another instruction would more adequately, accurately, or clearly state the applicable law. *State v. Reid*, 151 Idaho 80, 85, 253 P.3d 754, 759 (Ct. App. 2011).

The district court did not err by giving ICJI 1006. We have previously rejected the same argument Jeske makes here. In *State v. Lewis*, 126 Idaho 282, 285, 882 P.2d 449, 452 (Ct. App. 1994), this Court held that the pattern instruction on degree of intoxication (ICJI 1006) adequately informs the jury on the meaning of the phrase driving under the influence, and the words "noticeable" or "perceptible" are not required to be included in the instruction. The district court did not err when it refused to give Jeske's modified pattern jury instruction.

## E.     Cumulative Error

Jeske contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors (harmless in and of themselves) may, in the aggregate, show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Assuming evidentiary error occurred in this case, Jeske has failed to demonstrate those errors, even in the aggregate, deprived him of a fair trial. As such, Jeske is not entitled to reversal of his conviction based on cumulative error.

## IV.

## CONCLUSION

We hold the district court did not abuse its discretion when it allowed the State to amend the information on the morning of trial; any error in the admission of evidence was harmless both individually and cumulatively; and the district court did not err when it refused to give Jeske's requested modification to the pattern jury instruction on degree of intoxication. Thus, Jeske's judgment of conviction for felony DUI is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.